IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TISSAKUMAR W. WICKRAMASINGHE<br>14632 Peach Orchard Road<br>Silver Spring, Maryland 20905 | * * * * | |
| PLAINTIFF,<br>v. | * * * | Case No.: |
| SV DONUTS ONE, LLC<br>d/b/a DUNKIN' DONUTS<br>9318 Belvedere Drive<br>Urbana, Maryland 21704 | * * * * * | |
| Serve: RESIDENT AGENT<br>Sameer Ailawadi<br>9138 Belvedere Drive<br>Urbana, Maryland 21704 | * * * * * | |
| and | * * | |
| SAMEER AILAWADI<br>9138 Belvedere Drive<br>Urbana, Maryland 21704 | * * * * | |
| DEFENDANTS. | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

**(Violations of the Fair Labor Standards Act and Maryland Wage & Hour Law)**

COMES NOW Tissakumar W. Wickramasinghe ("Plaintiff"), by and through undersigned counsel, and hereby complains against SV Donuts One, LLC d/b/a Dunkin' Donuts ("SV"), and Sameer Ailawadi ("Mr. Ailawadi") (together, "Defendants"), to recover damages for violations of the Federal Fair Labor Standards Act 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the Maryland Wage and Hour Law, Maryland Code Annotated, Labor and Employment Article §§ 3-401 *et seq.* ("MW&HL"), and for grounds states as follows:

## PARTIES AND JURISDICTION

1. Plaintiff is an adult resident of the State of Maryland. Plaintiff's written consent to participate in this lawsuit is attached hereto as Exhibit 1.

2. SV is a limited liability company formed under the laws of the State of Maryland, with its principal place of business located in Urbana, Maryland. SV is in the business of operating several Dunkin' Donuts franchise locations throughout Maryland. At all times relevant, SV was Plaintiff's "employer" for purposes of the MW&HL and FLSA.

3. At all times relevant, Mr. Ailawadi was the owner of SV, was Plaintiff's supervisor, and determined Plaintiff's rate and method of pay. At all times relevant, Mr. Ailawadi was Plaintiff's "employer" for purposes of the MW&HL and FLSA.

4. At all times relevant, SV was engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)). At all times relevant, SV qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)). At all times relevant, Plaintiff was an employee who was engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207. On information and belief, at all times relevant, SV's gross revenues exceeded $500,000 per year.

5. Subject matter jurisdiction is invoked under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367. Venue is proper pursuant to 28 U.S.C. § 1391.

## STATEMENT OF FACTS

6. From about October 1, 2006 through April 30, 2009, Plaintiff was employed by Defendants as a shift supervisor at their Dunkin' Donuts franchise located at 6851 New

Hampshire Avenue, Takoma Park, Maryland. At no time did Plaintiff perform work that would qualify him as exempt from the overtime requirements of the FLSA or MW&HL.

7.  At the commencement of Plaintiff's employment, Defendants paid Plaintiff hourly at the rate of $7.50 per hour. Plaintiff's hourly rate was later raised to $8.25 per hour and again raised to $8.50 per hour. At all times relevant, Plaintiff worked approximately fifty-six (56) hours per week.

8.  At all times relevant, Defendants failed and refused to pay Plaintiff at the overtime rate of one-and-one-half (1½) times his regular rate for hours worked per week in excess of forty (40).

## CAUSES OF ACTION

### COUNT I

**(Violation of FLSA – Overtime Compensation)**

9.  Plaintiff re-alleges and reasserts each and every allegation set forth in paragraphs 1-8 as if each were set forth herein.

10. Section 207(a)(1) of the FLSA provides that:

> no employer shall employ any of his employees who, in any workweek, is engaged in commerce or in the production of goods for commerce, or *is employed in an enterprise engaged in commerce or in the production of goods for commerce* . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed. (Emphasis added.)

11. Plaintiff was an "employee" covered by the FLSA, 29 U.S.C. § 207(a)(1), and Defendants were Plaintiff's "employer." Defendants, as Plaintiff's employer, were obligated to compensate Plaintiff for overtime hours worked at the overtime rate.

3

12. Plaintiff worked many hours of overtime for which he was not properly compensated. Plaintiff was entitled to, and is owed, overtime pay at the rate of one and one-half (1½) times his regular rate of pay for hours worked in excess of forty (40) hours in a given work week. Overtime pay is, therefore, due and owing to Plaintiff in amounts to be determined.

13. Defendants have failed and refused to compensate Plaintiff properly and as required by law for overtime hours worked. This failure and refusal to pay compensation as required by the FLSA was willful, intentional, and not in good faith.

WHEREFORE, Plaintiff prays that he be awarded judgment on Count I of his Complaint against Defendants, jointly and severally, for unpaid overtime wages in such an amount as is proven at trial, plus an equal amount in liquidated damages, interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## COUNT II
**(Violation of Maryland Wage & Hour Law)**

14. Plaintiff re-alleges and reasserts each and every allegation set forth in paragraphs 1-13 as if each were set forth herein.

15. Plaintiff was an "employee" and Defendants were Plaintiff's "employer" within the meaning of the MW&HL. As his "employer," Defendants were obligated to pay Plaintiff wages and overtime compensation under § 3-415 and § 3-420 of the MW&HL. These sections require payment at the rate of one-and-one-half (1½) times Plaintiff's regular hourly rate for all hours worked in excess of forty (40) hours in any given workweek.

4

16. Plaintiff worked many hours of overtime during his employment with Defendants. Defendants, however, failed and refused to pay Plaintiff at the overtime rate for all overtime hours worked. Overtime pay is, therefore, due and owing to Plaintiff under the MW&HL.

17. Defendants' failure to comply with their obligations under the MW&HL was willful, intentional, and not in good faith.

WHEREFORE, Plaintiff prays that he be awarded judgment on Count II of his Complaint against Defendants, jointly and severally, for unpaid overtime wages in such an amount as is proven at trial, plus interest (both pre- and post-judgment), attorney's fees, the costs of this action, and any other and further relief this Court or a jury deems appropriate.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

_____
Philip B. Zipin, Bar No. 03932
Gregg C. Greenberg, Bar No. 17291
The Zipin Law Firm, LLC
8403 Colesville Road #610
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
(301) 587-9397 (fax)
pzipin@zipinlaw.com
ggreenberg@zipinlaw.com

*Counsel for Plaintiff*